**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  26-60713-CIV-DAMIAN**

**JAIME AROLDO ROJAS JIMENEZ**,

      Petitioner,

v.

**PAMELA BONDI, U.S. Attorney General**, *et al.*,

      Respondents.

_____/

## ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS*

**THIS CAUSE** is before this Court on Petitioner, Jaime Aroldo Rojas Jimenez's ("Petitioner"), Petition For Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241, filed March 12, 2026. [ECF No. 1] (the "Petition"). Petitioner challenges his continued detention by U.S. Immigration and Customs Enforcement ("ICE"). This Court entered an Order to Show Cause on March 27, 2026. [ECF No. 13]. On April 1, 2026, Respondents filed a Response to this Court's Order to Show Cause. [ECF No. 15 ("Response")].

THE COURT has reviewed the Petition, the Response, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

### I.  BACKGROUND

The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is set forth in detail in the Petition. *See generally* Pet.

Petitioner is a native and citizen of Guatemala who has resided continuously in the United States since June 10, 2004. Pet. ¶ 15. During his more than twenty years in the United States, Petitioner has established deep ties to this country through his family, employment,

and community involvement. *Id.* Prior to his detention, Petitioner resided in Jupiter, Florida, with his wife and their two U.S. citizen children, obtained employment authorization and a valid driver's license, and maintained continuous employment to support his family. *Id.* ¶¶ 16, 17. Petitioner has no criminal history and has not been arrested or convicted of any crime. *Id.* ¶ 4.

At the time of his detention, Petitioner was in removal proceedings pending before the Miami Immigration Court. *Id.* ¶ 18. In his removal proceedings, Petitioner filed an application for Cancellation of Removal for Non-Permanent Residents, as well as applications for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.* Petitioner does not have an outstanding removal order and has a master hearing on the merits presently scheduled for April 14, 2026. *Id.* ¶ 3.

On November 28, 2025, ICE officers arrested Petitioner following a traffic stop. *Id.* ¶ 19. Petitioner claims that he was operating his vehicle lawfully and had committed no traffic violations. *Id.* Following his arrest, Petitioner was transferred to the Florida Soft Side Facility, commonly referred to as "Alligator Alcatraz," where he was initially detained beginning approximately November 29, 2025. *Id.* ¶ 21. He was then transferred to the Broward Transitional Center in Pompano Beach, Florida, where he remains detained. *Id.*

During his detention, Petitioner filed two bond motions, one on December 1, 2025, the second on January 5, 2026. *Id.* ¶ 23. Both have been denied based on the Immigration Judge's determinations that they lack jurisdiction on the basis of *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BJ.A. 2025). *Id.*

On March 12, 2026, Petitioner filed the instant Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 challenging his continued detention under 8 U.S.C. § 1225(b).

*See generally* Pet. In the Petition, Petitioner argues that he is entitled to a bond determination hearing and that 8 U.S.C. § 1226(a) applies to individuals in his circumstances, that is, aliens in the United States who were not lawfully admitted, rather than § 1225, which applies to aliens seeking admission to the United States. *Id*. This Court issued an Order to Show Cause directing Respondents to respond and show cause why the Petition should not be granted. [ECF No. 5]. On April 1, 2026, Respondents filed a Response asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). [ECF No. 15]. Nonetheless, Respondents acknowledge that courts in this District, including the undersigned, have reached the opposite conclusion. *See* Resp. at 3–5 (citing cases concluding that jurisdiction is not barred by 8 U.S.C. § 1252, exhaustion was not required, and that the petitioner's detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)); *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (Dec. 23, 2025) ("[T]his Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b)").

## II.    LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

At the outset, as noted by Respondents, this Court has previously addressed the issues raised in the Petition in this case in numerous other cases,[1] and as previously indicated, the undersigned agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context, and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.). As the Eleventh Circuit recently acknowledged, the majority of District Courts throughout the country that have analyzed this issue have rejected the Government's position in *Matter of Hurtado*, and "the federal appellate courts are divided as to the applicability of §§ 1225(a) and 1226(a)." *Labrada-Hechavarria v. U.S. Att'y Gen.*, No. 23-13664, 2026 WL 496486, at *2 (11th Cir. Feb. 23, 2026).[2] This Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

---

[1] *See, e.g.*, *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*, No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026); *Torres-Martinez v. Assistant Dir., et al.*, No. 26-60166-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 11, 2026); *Arcia Alfonso v. GEO Group, Inc., et al.*, No. 26-60286-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 17, 2026).

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

This Court points out that it is aware that in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the Fifth Circuit adopted the BIA's analysis in *Matter of Yajure Hurtado*. This Court is also aware that the Respondents have appealed to the Eleventh Circuit district court judgments that 8 U.S.C. § 1226(a) governs detentions under circumstances similar to those presented here. *See Hernandez Alvarez v. Warden, Federal Detention Center Miami*, No. 25-14065 (11th Cir.), and *Cerro Perez v. Assistant Field Office Director*, No. 25-14075 (11th Cir.). In the absence of a binding decision from the Eleventh Circuit or the United States Supreme Court, this Court's analysis does not change based on these cases.

This Court has also previously addressed Respondents' argument regarding the failure to exhaust administrative remedies under circumstances like those presented here. The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). Generally, "exhaustion is not required where no genuine opportunity for adequate relief exists. . . or an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (alterations added; citations omitted); *see also United States v. Barbieri*, No. 18-cr-20060, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) (Scola, J.) ("The Court recognizes . . . that administrative exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." (alteration added; citation omitted)).

The BIA issued *Matter of Yajure Hurtado* as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see id.* § 1003.1(d)(1). Thus, considering *Matter of Yajure Hurtado*, it is obvious that an alien in Petitioner's situation, who has resided in the United States for years prior to his recent detention, but has not been admitted or paroled, will be subject to mandatory

detention without bond under Section 1225(b)(2) upon review by the BIA. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. at 221. Many other courts, including those in this District, have found that any exhaustion requirements are excused for futility because the result of Petitioner's bond appeal to the BIA is a foregone conclusion under *Matter of Yajure Hurtado*. *See, e.g.*, *Puga v. Assistant Field Office Dir.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.); *Ardon-Quiroz v. Assistant Field Dir.*, No. 25-cv-25290, 2025 WL 3451645, at *4-5 (S.D. Fla. Dec. 1, 2025) (Becerra, J.); *Inlago Tocagon v. Moniz*, No. 25-cv-12453, 2025 WL 2778023, at *2 (D. Mass. Sept. 29, 2025); *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082, at *9–10 (D. Nev. Sept. 17, 2025). This Court concurs with the majority of district courts that have addressed the issue that administrative exhaustion would have been futile in these circumstances and that a failure to exhaust does not strip this Court of jurisdiction over the Petition.

Because this Court finds in favor of Petitioner on the first grounds raised in the Petition and will grant the relief he seeks, this Court declines to analyze the other bases for relief asserted in the Petition.

## IV.   CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED IN PART** to the extent that Petitioner requests this Court to direct the Immigration Court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **April 20, 2026**. It is further

**ORDERED** that on or before **April 27, 2026**, Petitioner shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

The Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 13th day of April, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:      Counsel of record

7